■ EMMET J. AGOGLIA, Respondent, v. JOHN S. CHAPMAN, JR., et al., Individually and as Attorneys Practicing under the Name of Duer & Taylor, Appellants.— In an action by a lawyer to recover for professional services rendered, defendants appeal from an order of the Supreme Court, Nassau County, dated March 8, 1972, which denied their motion for summary judgment in favor of plaintiff for $8,011.25 and otherwise dismissing the complaint. Order reversed, on the law, with $10 costs and disbursements to defendants, and motion granted to the extent that the action is disposed of by awarding plaintiff summary judgment for $8,381.50. Plaintiff was retained by defendants (a firm of attorneys) as trial counsel for defendants' client in a contested will probate proceeding. The fee agreement between them provided, inter alia, that plaintiff was to receive "5% of what George Dare may obtain by settlement or otherwise in excess of the benefits provided for him in the will". The net settlement received by Dare was $200,000. However, the gross cost to the estate, as a result of the settlement, was approximately $364,000. Plaintiff argues that his fee should be computed on the basis of the cost to the estate, whereas defendants contend that the fee agreement was based on

the net recovery by Dare. Plaintiff also argues that there is a "marked misunderstanding and ambiguity" in the terms of the agreement, requiring a trial to clarify the intention of the parties. We do not see anything in the agreement which is either susceptible of misunderstanding or ambiguous. Ordinary words should be given their ordinary meanings and, here, "obtain" should be construed to mean net recovery or what Dare actually acquired (see *Matter of Lapp,* 3 A D 2d 55, 59). Furthermore, "Amounts paid to objectants in settlement of a will contest are not considered to be claims against the estate for * * * [the purpose of tax deductions] but are considered as paid to them in their capacity as heirs" (6 Warren's Heaton Surrogates' Courts, § 11.07). As such, Dare is to be *treated* as a legatee, although not one in reality, having renounced his rights under the will, or as a distributee outside the will. Giving Dare such treatment, the no apportionment clause in the will applies and, therefore, under no circumstances was Dare to be liable for the estate taxes. Accordingly, plaintiff's fee should be computed as follows: $200,000 (recovery from estate) less $32,370 (total benefits under the will), leaves $167,630 (net recovery); and 5% of this figure is $8,381.50 (the amount of plaintiff's fee). Rabin, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.